# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1653

_____

In re: Jeremiah Joseph Paul;      *
Stacy Marie Paul,      *
     *
     Debtors.      *
_____      *
     *
John S. Lovald, Trustee,      *
     *    Appeal from the United States
     Appellant,      *    Bankruptcy Appellate Panel
     *    for the Eighth Circuit.
     v.      *
     *    [UNPUBLISHED]
Marissa Hunter; Misti Paul,      *
     *
     Appellees.      *

_____

Submitted: November 14, 2011
Filed: November 25, 2011

_____

Before RILEY, Chief Judge, BEAM and BYE, Circuit Judges.

_____

PER CURIAM.

John S. Lovald, trustee in the Jeremiah Joseph and Stacy Marie Paul bankruptcy proceeding, appeals from a decision of the Bankruptcy Appellate Panel[1] affirming an order of the bankruptcy court.[2] We affirm.

Lovald brought an adversary proceeding against Marissa Hunter (Jeremiah Paul's step-mother) and Misti Paul (Jeremiah Paul's sister) seeking to avoid certain asset transfers Jeremiah made to his sister and step-mother within two years of filing the petition for bankruptcy. Lovald claimed the transfers were fraudulent under Wyoming's Uniform Fraudulent Transfer Act, Wyo. Stat. Ann. § 34-14-205. After a bench trial, the bankruptcy court found the trustee failed to prove one of the necessary elements of a fraudulent transfer under the statute. See Royal v. Baker (In re Baker), 273 B.R. 892, 896 (Bankr. D. Wyo. 2002) (addressing a fraud claim brought pursuant to Wyo. Stat. Ann. § 34-14-205 and holding "[t]he trustee has the burden of proof to show the elements of the claim"). The bankruptcy appellate panel affirmed, concluding "the Bankruptcy Court did not clearly err in finding that the Trustee's evidence failed to meet his burden." Lovald v. Hunter (In re Paul), 446 B.R. 272, 276 (B.A.P. 8th Cir. 2011). Lovald never argued in the bankruptcy court, or on appeal to the bankruptcy appellate panel, that he did not bear the burden of proof on all elements of his statutory claim of fraud under § 34-14-205.

Now, for the first time in this appeal, Lovald argues Wyoming common law creates a presumption of fraud under the circumstances involved in this case and shifted the burden of proof to Hunter and Misti Paul to rebut the presumption. Because this argument was never presented to the bankruptcy court or the bankruptcy appellate panel, we decline to consider it. See Drewes v. Vote (In re Vote), 276 F.3d 1024, 1027 (8th Cir. 2002).

---

[1]Lovald v. Hunter (In re Paul), 446 B.R. 272 (B.A.P. 8th Cir. 2011).

[2]The Honorable Charles L. Nail, Jr., United States Bankruptcy Judge for the District of South Dakota.

Accordingly, we affirm for the reasons stated by the bankruptcy appellate panel. See 8th Cir. R. 47B.

_____